ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
**PANEL ESPECIAL**

| | | |
|---|---|---|
| **MARITZA VALERO RAMÍREZ Y OTROS** <br> DEMANDANTE(S)-APELANTE(S) <br><br> V. <br><br> **CAYO ENRIQUE COURT, INC.; PRAXIS ASSOCIATES, INC.** <br> DEMANDADA(S)-APELADA(S) | **KLAN202500478** | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de **MAYAGÜEZ** <br><br> Caso Núm. **MZ2023CV01870** (206) **consolidado con MZ2025CV00186** (206) <br><br> Sobre: Consignación y Otros |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Juez Barresi Ramos y el Juez Sánchez Báez.

*Barresi Ramos,* juez ponente

### S E N T E N C I A

En San Juan, Puerto Rico, hoy día 29 de agosto de 2025.

Comparecen ante este Tribunal de Apelaciones, los señores **CARLOS CALDERÓN GARNIER** y **MARITZA VALERO RAMÍREZ** (matrimonio **CALDERÓN- VALERO**) mediante *Alegato* incoado el 27 de mayo de 2025. En su escrito, nos solicitan que revisemos la *Sentencia* dictada el 21 de abril de 2025 por el Tribunal de Primera Instancia (TPI), Sala Superior de Mayagüez.[1] En dicha decisión, el foro apelado desestimó, con perjuicio, la *Demanda* interpuesta contra la **ASOCIACIÓN DE TITULARES DE CAYO ENRIQUE COURT, INC.** (**ASOCIACIÓN DE TITULARES**). En adición, ordenó el desembolso inmediato de todos los fondos consignados que totalizan $2,052.00 a favor de la **ASOCIACIÓN DE TITULARES**; y el pago de la suma de $3,000.00 por concepto de honorarios de abogados.

Exponemos el trasfondo fáctico y procesal que acompañan a la presente controversia.

---

[1] Este dictamen judicial fue notificado y archivado en autos el 24 de abril de 2025. Apéndice del *Alegato* páginas 1- 7.

Número Identificador: SEN2025_____

## - I -

El 25 de octubre de 2023, el matrimonio **CALDERÓN-VALERO** instó una *Solicitud de Sentencia Declaratorio al Amparo de la Regla 59.9 de las de Procedimiento Civil (Demanda)* suplicando la devolución de $3,798.29 cobrados ilegalmente y $20,000.00 en concepto de daños y perjuicios, sufrimientos, así como angustias mentales causados por la alegada negligencia de **PRAXIS ASSOCIATES, INC.** (**PRAXIS**) y la **ASOCIACIÓN DE TITULARES**.[2]

El 29 de enero de 2024, el matrimonio **CALDERÓN-VALERO** presentó *Moción sobre Consignación* acompañada de un cheque del Banco Popular de Puerto Rico a favor del secretario del tribunal por la cantidad de $972.00 ello como importe equivalente al mantenimiento del año 2024.[3] Ese mismo día, la **ASOCIACIÓN DE TITULARES** presentó su *Contestación a Demanda* incluyendo sus defensas afirmativas.[4]

El 1 de febrero de 2024, **PRAXIS** presentó una *Moción en Solicitud de Desestimación*[5]. Ello sustentada en la falta de parte indispensable; la falta de causa de acción que justifique la concesión de un remedio; y la prescripción de la reclamación sobre daños y perjuicios. Poco después, el 5 de febrero de 2024, la **ASOCIACIÓN DE TITULARES** presentó una *Contestación Enmendada a Demanda*.[6] En consecuencia, el 16 de abril de 2024, se expidió *Sentencia* desestimando, con perjuicio, la reclamación contra **PRAXIS**.[7]

El 18 de abril de 2024, la **ASOCIACIÓN DE TITULARES** presentó su *Moción Solicitando Sentencia Sumaria en Cuanto a la Asociación de Titulares de Cayo Enrique Court*. Seguidamente, el 9 de mayo de 2024, se prescribió *Sentencia Parcial Nunc Pro Tunc* desestimando, con perjuicio, la causa de acción contra **PRAXIS**.[8]

---

[2] Dicha causa de acción se originó bajo el caso número: **MZ2023CV01870**. Apéndice de *Oposición a Apelación*, págs. 1- 5.
[3] *Íd.*, págs. 6- 8.
[4] *Íd.*, págs. 9- 12.
[5] Apéndice de *Oposición a Apelación*, págs. 14- 42.
[6] *Íd.*, págs. 43- 46.
[7] *Íd.*, págs. 47- 53.
[8] Apéndice de *Oposición a Apelación*, págs. 87- 93.

El 12 de enero de 2025, la **ASOCIACIÓN DE TITULARES** presentó una *Segunda Solicitud de Desestimación*.[9] Adujo que la falta de haber incluido a Multinational como parte indispensable impedía que el tribunal pudiese emitir un dictamen; existía una falta de causa de acción que justificara la concesión de un remedio en su contra; y había transcurrido en exceso el término prescriptivo sobre los alegados daños y perjuicios.

El 30 de enero de 2025, el matrimonio **CALDERÓN-VALERO** entabló *Consignación* anejando un cheque por la suma de $1,080.00 correspondiente a la cuota 2025.[10]

El 18 de febrero de 2025, el matrimonio **CALDERÓN-VALERO** presentó *Moción Informativa* pidiendo la consolidación de los casos. Ante ello, el 13 de marzo de 2025, se formuló *Resolución y Orden* imponiendo la consolidación del caso con el **MZ2025CV00186**.[11] Luego de varios incidentes procesales, el 21 de abril de 2025, se decretó la *Sentencia* apelada.

Inconforme, el 27 de mayo de 2025, el matrimonio **CALDERÓN-VALERO** acudió ante este foro intermedio revisor mediante *Alegato* en el cual señaló el(los) siguiente(s) error(es):

> Erró el Honorable Tribunal de Primera Instancia al desestimar una acción de consignación.
>
> Erró el Honorable Tribunal de Primera Instancia denegar una acción de daños por violación al deber fiduciario.

El 30 de mayo de 2025, pronunciamos *Resolución* concediendo, entre otras cosas, un término de treinta (30) días a **CAYO ENRIQUE COURT, INC. (CAYO ENRIQUE)** y **PRAXIS ASSOCIATES, INC.** para presentar su alegato en oposición. El 26 de junio de 2025, la **ASOCIACIÓN DE TITULARES** presentó su *Oposición a Apelación*.

Evaluado concienzudamente el expediente del caso y contando con el beneficio de la comparecencia de las partes, nos encontramos en posición de

---

[9] *Íd.*, págs. 94-127.

[10] Apéndice de *Alegato,* págs. 8-49. Se le asignó alfanumérico:MZ2025CV00186.

[11] Entrada núm. 72 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC).

adjudicar. Puntualizamos las normas de derecho pertinentes a las (s) controversia(s) planteada(s).

- II –

- B - *Jurisdicción*

La *jurisdicción* es el poder o autoridad que tiene un tribunal para considerar y decidir los casos y controversias.[12] Po ende, la falta de *jurisdicción* de un tribunal incide directamente sobre su poder para adjudicar una polémica.[13]

Es por ello, que los tribunales deben ser celosos guardianes de su *jurisdicción* dado que los asuntos relacionados con esta son privilegiados y deben atenderse con prioridad.[14] Aun en ausencia de un señalamiento por alguna de las partes, la falta de *jurisdicción* puede ser considerada *motu proprio* por los tribunales. Por tratarse de una cuestión de umbral en todo procedimiento judicial, si un tribunal determina que carece de *jurisdicción* solo resta así declararlo y desestimar la reclamación inmediatamente, sin entrar en los méritos de la controversia, conforme lo ordenado por las leyes y reglamentos para el perfeccionamiento del recurso en cuestión.[15]

El Tribunal Supremo ha resuelto enfáticamente que la ausencia de *jurisdicción* acarrea las siguientes consecuencias: *"(1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso; y (6) puede presentarse en cualquier etapa de los procedimientos, a instancia de las partes o por el tribunal motu proprio"*.[16]

---

[12] *Municipio de Aguada v. W. Construction, LLC y otro,* 2024 TSPR 69; *FCPR v. ELA et al.,* 211 DPR 521 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.,* 210 DPR 384, 394 (2022).

[13] *Allied Mgmt. Group v. Oriental Bank,* 204 DPR 374, 385 (2020).

[14] *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 254, 267- 268 (2018).

[15] *FCPR v. ELA et al., supra; Cobra Acquisitions v. Mun. Yabucoa et al., supra; Allied Mgmt. Group v. Oriental Bank, supra,* págs. 386- 387; *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 501 (2019).

[16] *MCS Advantage v. Fossas Blanco et al.,* 211 DPR 135, 145 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.,* 210 DPR 384, 395 (2022); *Beltrán Cintrón v. ELA,* 204 DPR 89, 101-102 (2020).

En definitiva, por tratarse de una cuestión de umbral en todo procedimiento judicial, si un tribunal determina que carece de *jurisdicción*, solo resta así declararlo y desestimar la reclamación inmediatamente sin entrar en los méritos de la controversia, conforme lo ordenado por las leyes y reglamentos para el perfeccionamiento del recurso en cuestión.[17]

Un recurso presentado antes del tiempo correspondiente (prematuro), al igual que el presentado luego del plazo aplicable (tardío), *"sencillamente adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre"*.[18] En ambos casos, su presentación carece de eficacia y no produce ningún efecto jurídico.[19]

La Regla 83 (C) del Reglamento del Tribunal de Apelaciones faculta a este Tribunal para que, a iniciativa propia, desestime un recurso de apelación o deniegue un auto discrecional por cualquiera de los motivos consignados en el inciso (B).[20]

- III -

En el caso de marras, el día 21 de abril de 2025, el Tribunal de Primera Instancia dispuso *Sentencia* en la cual desestimó, con perjuicio, la *Demanda* contra la ASOCIACIÓN DE TITULARES DE CAYO ENRIQUE COURT, INC. (ASOCIACIÓN DE TITULARES); y ordenó el desembolso inmediato de todos los fondos consignados que totalizan la cuantía de $2,052.00 a favor de la ASOCIACIÓN DE TITULARES; y el pago de la cantidad de $3,000.00 por concepto de honorarios de abogados.

Más, el 9 de mayo de 2025, el matrimonio CALDERÓN- VALERO presentó *Moción de Reconsideración* en el caso **MZ2025CV00186**.[21] Argumentó que la controversia del caso versa sobre la legalidad de las actuaciones de la ASOCIACIÓN

---

[17] *Allied Mgmt. Group v. Oriental Bank, supra,* págs. 386- 387; *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 499- 501 (2019).

[18] *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873 (2007).

[19] *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 97 (2008); *S.L.G. Szendrey-Ramos v. F. Castillo, supra.*

[20] Dicho inciso lee: *"(B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes: (1) que el Tribunal de Apelaciones carece de jurisdicción; (2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello; (3) que no se ha presentado o proseguido con diligencia o de buena fe; (4) que el recurso es frívolo y surge claramente que ha sido interpuesto para demorar los procedimientos; o (5) que el recurso se ha convertido en académico".*

[21] Apéndice de *Oposición a Apelación,* págs. 241- 253.

DE TITULARES (estados de cuentas con cargos adicionales, penalidades y ajustes arbitrarias); no se pretende adjudicar derechos sustantivos del Estado Libre Asociado de Puerto Rico; no es necesario ni indispensable la acumulación del Estado Libre Asociado de Puerto Rico; y no se debió desestimar por la falta de parte indispensable. El 20 de mayo de 2025, la ASOCIACIÓN DE TITULARES presentó su *Oposición a "Solicitud de Reconsideración de Sentencia"*.[22] Finalmente, el 29 de mayo de 2025, se dictaminó *Resolución* declarando no ha lugar el petitorio de reconsideración.[23]

Aun estando pendiente de adjudicación de la *Moción de Reconsideración*, el 27 de mayo de 2025, el matrimonio CALDERÓN-VALERO presentó el *Alegato* que nos ocupa. Por tanto, es forzoso concluir que el matrimonio CALDERÓN-VALERO recurrió ante nos de manera prematura. En consecuencia, procede la ***desestimación*** del *Alegato* por falta de ***jurisdicción*** ante su presentación prematura.

- IV -

Por los fundamentos antes expuestos, y en conformidad con la Regla 83 (C) del Reglamento del Tribunal de Apelaciones, ***desestimamos***, por ausencia de *jurisdicción,* el *Alegato* promovido el 27 de mayo de 2025 por los señores CARLOS CALDERÓN GARNIER y MARITZA VALERO RAMÍREZ; y ordenamos el cierre y archivo del presente caso.

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[22] *Íd.*, págs. 254- 256.
[23] El 30 de junio de 2025, los señores CARLOS CALDERÓN GARNIER y MARITZA VALERO RAMÍREZ encausaron un *Alegato* ante el Tribunal de Apelaciones al cual se le asignó el alfanumérico: **TA2025AP00065**.